E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture and Recovery Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2727
     Facsimile: (213) 894-0142
     E-mail:    Jonathan.Galatzan@usdoj.gov

Attorneys for
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE MATTER OF CERTAIN CIVIL FORFEITURE PROCEEDINGS | CR. Misc. No. 2:23-cm-00227<br><br>**EX PARTE APPLICATION TO EXTEND CAFRA DEADLINE**<br><br>[PROPOSED] ORDER LODGED HEREIN |

Pursuant to 18 U.S.C. § 983(a)(3)(A), plaintiff United States of America (the "government") respectfully applies to this Court for an order extending to February 29, 2024, the time in which the United States is required to initiate judicial forfeiture proceedings against assets now within the custody of the United States that are described in Attachment "A" ("the Subject Assets").

1

In support of its stipulated motion, the United States respectfully states as follows:

The United States, through either the United States Drug Enforcement Administration ("DEA") or United States Customs and Border Protection ("CBP"), has seized and commenced administrative forfeiture proceedings against the Subject Assets.

In the course of those administrative forfeiture proceedings, either DEA or CBP sent written notice of its intent to forfeit each of the Subject Assets to all known persons that may have an interest in each of the Subject Assets, as required by Title 18, United States Code, Section 983(a)(1)(A).

Between approximately September 8, 2023 and September 13, 2023, Adriana Jones ("Administrative Claimant") filed claims against the Subject Assets in administrative forfeiture proceedings that either DEA or CBP has commenced against each of the respective Subject Assets. The United States did not know any of the Administrative Claimants to have an interest, or purported interest, in any of the Subject Assets before the Administrative Claimants filed their claims.

The United States understands that the Administrative Claimants assert claims as to each of the Subject Assets based on:

(1) A judgment Administrative Claimants obtained against the Juarez Cartel in the District of North Dakota (D.N.D. 1:20-cv-00132) after members of the Juarez Cartel ambushed and killed

nine United States citizens in Mexico and injured several others;

 (2)  An assertion that the Terrorism Risk Insurance Act ("TRIA"), Title 28, United States Code, Section 1610 gives the Administrative Claimants a right to execute their judgment against assets of the Juarez Cartel; and

 (3) A claim that each of the Subject Assets is such an asset of the Juarez Cartel that is subject to execution or attachment under TRIA.

 In addition to the claims Administrative Claimant has filed against the Subject Assets in this District, Administrative Claimant has filed hundreds of additional claims—totaling approximately 780 claims—as to assets that the United States has seized in various parts of the country on this same basis.

 No other party filed a claim as to any of the Subject Assets in the respective administrative forfeiture matters pertaining to each of the Subject Assets, and, under Title 18, United States Code, Section 983(a)(2)(A)-(E), the time for any person to do so has expired.

 After a claim was filed in the administrative proceeding against each of the Subject Assets, the seizing agency, either DEA or CBP, transmitted that claim to the United States Attorney's Office for the purpose of initiating a judicial forfeiture action against each of the respective Subject Assets.

 Title 18, United States Code, Section 983(a)(3) provides: Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner

set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties. 18 U.S.C. § 983(a)(3).

The 90-day deadlines for filing a timely civil forfeiture complaint against the various Subject Assets that have been referred to the United States Attorney's Office for this judicial district range from on or about December 7, 2023 to on or about December 12, 2023.

The United States Attorney's Office is currently evaluating the factual and legal bases for (a) its potential civil forfeiture complaints and (b) Administrative Claimant's claims as to each of the Subject Assets.

The Administrative Claimant's filing of approximately 780 claims, within a short time frame, has resulted in an unprecedented number of referrals of administrative forfeiture matters to United States Attorney's Offices for consideration of commencing judicial forfeiture actions. The Administrative Claimant's claims have been referred, or are in the process of being referred, to more than 50 United States Attorney's Offices. Given the scope of the claims submitted by the Administrative Claimant, any response the United States makes in this District is likely to impact litigation in other districts across the country. This unusually high volume of cases referred as a result of Administrative Claimant's claims will therefore

take additional time to review—especially as to whether Administrative Claimant has a legally cognizable interest in each of the Subject Assets that they have claimed.

The United States is also engaging in discussions with Administrative Claimant regarding a potential resolution to their claims as to each of the Subject Assets.

As set forth in the Agreement to Extend the Filing Deadline, which is attached as Attachment B, Administrative Claimant and the United States have agreed to extend the time within which the United States may timely file a judicial forfeiture proceeding against the Subject Assets to give the parties sufficient time to try to resolve these matters before the United States files or declines to file any such a judicial forfeiture action. Attachment B, ¶ 5.

Specifically, Administrative Claimant has knowingly, intelligently, and voluntarily given up any right they may have under Title 18, United States Code, Section 983(a)(3)(A)-(B) to require the United States to file a judicial forfeiture against the properties on or before the deadlines referenced in paragraphs 9-10, and any right that they may have to seek dismissal of any civil judicial complaint on the ground that it was not timely filed. Id., ¶ 6.

The Administrative Claimant has further agreed to extend the deadline by which the United States may timely file a judicial forfeiture against any of the Subject Assets until February 29, 2024. Id., ¶ 8.

Under Title 18, United States Code, Section 983(a)(3)(A), "a court in the district in which the civil forfeiture complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties." 18 U.S.C. § 983(a)(3)(A).

Based upon the agreement between the United States and the Administrative Claimant and for good cause shown, the United States respectfully requests that the Court enter an order, consistent with the United States' agreement with Administrative Claimant, that extends through February 29, 2024, the period within which the United States may timely file a judicial forfeiture proceeding against any or all of the Subject Assets.

DATED: December 6, 2023  
E. MARTIN ESTRADA  
United States Attorney  
MACK E. JENKINS  
Assistant United States Attorney  
Chief, Criminal Division  

　　　　/s/  
_____  
JONATHAN GALATZAN  
Assistant United States Attorney  
Chief, Asset Forfeiture and Recovery Section  

Attorneys for Plaintiff  
United States of America